UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVERNAZ PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS REESE PITTS, et al.,<br><br>Defendants. | No. 2:20-cv-02022-TLN-KJN<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Carlos Reese Pitts' ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin, due to lack of subject matter jurisdiction.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2020, Defendant filed a *pro se* Notice of Removal removing what appears to be an unlawful detainer action from the San Joaquin County Superior Court. (ECF No. 1.) Defendant did not attach the state court complaint ("Complaint") to his Notice of Removal.

### II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction. *See* 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." *Id.* The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint. *Lowdermilk v. U.S. Bank*

*Nat'l Ass'n*, 479 F.3d 994, 998–1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).

### III. ANALYSIS

It appears Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 3.) However, without the Complaint, the Court cannot determine whether the action arises under federal law. *See Caterpillar*, 482 U.S. at 386 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Defendant refers to the state court action as an "unlawful detainer action." (ECF No. 1 at 2.) Generally, unlawful detainer actions are grounded solely in state law. To the extent Defendant is arguing he was denied due process or equal protection in violation of the Fourteenth Amendment, such an argument likely relates to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60–62. In any event, Defendant bears the burden of showing removal is proper. *See Gaus*, 980 F.2d at 566. By failing to attach the Complaint, Defendant has not met his burden.

It is unclear whether Defendant also seeks removal on the basis of diversity jurisdiction. Regardless, removal based on diversity jurisdiction is improper for the same reason already discussed. Without the Complaint, the Court cannot determine whether the diversity of citizenship or amount in controversy requirements of 28 U.S.C. § 1332 are satisfied. *See Lowdermilk*, 479 F.3d at 998–1000.

As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

/ / /

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

DATED: October 20, 2020

Troy L. Nunley
United States District Judge